IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ZAMFIRA D. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-057 |
| | ) | |
| PARK WHITE, District Attorney; | ) | |
| JAMES G. BLANCHARD; and | ) | |
| PETER JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a prisoner at Coffee Correctional Facility in Nicholls, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his complaint, Plaintiff alleges deficiencies with evidence introduced at his trial in Richmond County and desires his name to be "cleared" and "better establishment of rules concerning the introduction of questionable evidence." (See doc. no. 1, pp. 5-6.)

Plaintiff styles his action as one under 42 U.S.C. § 1983. (See doc. no. 1, p. 8.) However, the sole remedy for a prisoner seeking immediate release is a petition for habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 479 (1973). Furthermore, relief that would necessarily imply the invalidity of a judgment a prisoner is

being held under is also not cognizable in an action under § 1983. Heck v. Humphrey, 512 U.S. 477, 487(1994). Because Plaintiff primarily alleges procedural deficiencies at his trial, it appears that his claim is properly made under 28 U.S.C. § 2254.

However, Plaintiff should note that a habeas petition pursuant to § 2254 is subject to exhaustion requirements. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the

> state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (ruling that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[1]  Id. "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

As such, within fourteen days of this Order, Plaintiff must advise the Court whether he intends to go forward with his case pursuant to § 2254, or chooses to voluntarily withdraw the instant case. Should Plaintiff agree to the re-characterization of his case, he is directed to submit to the Court a petition for a writ of habeas corpus on the standard forms used for his relief. The **CLERK** is **DIRECTED** to attach a standard petition for writ of habeas corpus under 28 U.S.C. § 2254 to Plaintiff's copy of this Order. Failure to submit the habeas form petition

---

[1] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40).

within fourteen days of the date of this Order will result in the recommendation of dismissal of this action.

SO ORDERED this 25th day of May, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA